**U.S. Department of Labor**  Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)

Issue Date: 07 November 2016

Case No:    2016-TNE-00016

*In the Matter of:*

ADMINISTRATOR, WAGE AND HOUR
DIVISION, UNITED STATES DEPARTMENT
OF LABOR
  *Prosecuting Party,*

v.

PAR PARTNERSHIP, INC.,
d/b/a OUTDOOR SOLUTIONS
  *Respondent.*

## ORDER OF DISMISSAL

The above-captioned matter arises from the Secretary of Labor's enforcement of H-2B provisions of the Immigration and Nationality Act ("INA"), the implementing regulations governing the H-2B temporary labor certification program,[1] and the Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges.[2]

On October 3, 2016, Counsel for the Prosecuting Party filed a Motion to Dismiss Untimely Appeal, arguing that Respondent, Par Partnership, Inc., untimely filed this appeal of the Administrator's determination letter. On October 7, 2016, I issued a Notice to Unrepresented Party Regarding Motion to Dismiss Untimely Appeal. The Notice advised Respondent of the time within which a response to the motion to dismiss must be filed and that Respondent could request an extension of the time within which it must respond. Respondent did not file a response to the motion to dismiss and did not request an extension of time to respond to the motion to dismiss. On October 18, 2016, Patrick O'Neal, Respondent's President, filed a Notice of Appearance "as counsel" for Respondent. On October 21, 2016, I issued an Order to Show Cause Why Claim Should not be Dismissed as untimely. Mr. O'Neal responded to the Order to Show Cause by letter dated November 3, 3026 and filed November 4, 2016, stating that he is semi-retired and "several times a year" does not check his mail for 4-5 weeks. The letter does

---

[1] 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b), 1184(c)(1), 1184(c)(14), as amended; 29 C.F.R. parts 655 and 503.
[2] 29 C.F.R. Part 18, Subpart A.


GOVERNMENT EXHIBIT
C

not state any other reason for not responding to the motion to dismiss, and does not state that he was unaware of the motion to dismiss.

A request for a hearing must be received by the Chief ALJ no later than 30 calendar days after the date of the Administrator's determination. A party that fails to meet this 30-day deadline for requesting a hearing may thereafter participate in the proceedings only by consent of the ALJ. 29 C.F.R. § 503.43(c). Here, Respondent's request for review of the determination was not received by the Chief ALJ within 30 calendar days of the date of the determination letter. Further, Respondent has not provided a compelling reason why this claim should be allowed to proceed despite the untimely request for review. The Administrator's determination letter was sent to respondent on April 25, 2016 via certified mail (addressed to Mr. O'Neal as President of Respondent), and Mr. O'Neal signed the receipt of delivery on May 17, 2016. (Administrator's Motion to Dismiss Exhibit A). Respondent's appeal was thus required to be filed by May 25, 2016. On July 29, 2016, the Administrator sent Respondent another letter by certified mail stating that Respondent had failed to make a timely request for a hearing and that Administrator's determination became a final and unappealable order of the Secretary of Labor on June 17, 2016. (Administrator's Motion to Dismiss Exhibits B and C). Respondent untimely filed its appeal by letter to the Department of Labor, Office of the Solicitor, Kansas City Office dated August 1, 2016 and received by the Department of Labor on August 12, 2016. (Administrator's Motion to Dismiss Exhibit E).

The request for a hearing was therefore filed over 70 days late. Respondent has offered no reason why the appeal was not timely filed other than Mr. O'Neal's assertion that he is semi-retired and sometimes does not check his mail for four to five weeks. However, the Administrator's motion to dismiss establishes that Respondent received and signed for the Determination letter on May 17, 2016 (the receipt was signed by Mr. O'Neal). Respondent has not denied receiving the determination letter, nor does it contend that it did not read the letter at or around the date it was received. Further, having received the determination letter, a failure to read it would not excuse Respondent's delay in requesting a hearing.

Accordingly, I find that the Respondent's Request for a Hearing is untimely and this matter is **DISMISSED** in its entirety.

**SO ORDERED.**



Digitally signed by Larry A. Temin
DN: CN=Larry A. Temin,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Cincinnati, S=OH, C=US
Location: Cincinnati OH

LARRY A. TEMIN
Administrative Law Judge




## SERVICE SHEET

Case Name: EMPLOYMENT_AND_TRAIN_v_PAR_PARTNERSHIP_INC_

Case Number: **2016TNE00016**

Document Title: **Order of Dismissal**

I hereby certify that a copy of the above-referenced document was sent to the following this 7th day of November, 2016:



Digitally signed by ROSALIND WILLIAMS
DN: CN=Rosalind Williams, OU=Legal
Assistant, O=US DOL Office of Administrative
Law Judges, L=Cincinnati, S=OH, C=US
Location: Cincinnati OH

**ROSALIND WILLIAMS**
**LEGAL ASSISTANT**

Administrator
Wage and Hour Division
U. S. Dept. of Labor
Room S-3502, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
  *{Hard Copy - Regular Mail}*

Regional Solicitor
U. S. Department of Labor
Two Pershing Square Building
Suite 1020
2300 Main Street
KANSAS CITY MO 64108
  *{Hard Copy - Regular Mail}*

Administrative Review Board
U. S. Dept. of Labor
Suite S-5220, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
  *{Hard Copy - Regular Mail}*

Par Partnership Inc.
dba Outdoor Solutions
1400 Shawnee Court
ARNOLD MO 63010
  *{Hard Copy - Regular Mail}*

Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
  *{Hard Copy - Regular Mail}*